### KENNARD *v.* LILLIE.

LOG LIENS—SERVICE ON NONRESIDENT.
    Case ruled by *Brabant* v. *Lillie, ante,* 167.

Case made from Menominee; Stone, J. Submitted April 7, 1898. Decided May 18, 1898.

*Assumpsit* by August Kennard against James Lillie to recover the amount of a lien upon logs alleged to have been converted by defendant. There was a judgment for plaintiff, and defendant assigns error. Reversed.

*Sawyer & Waite,* for appellant.

*Norwood Bowers,* for appellee.

PER CURIAM. Plaintiff brought suit against one George‧ Smith under the log-lien law, and attached certain logs and poles, which were the property of the defendant, Lillie. Lillie was a nonresident, and was doing business under the title of the Lillie Lumber Company. One Huebel was his agent. The writ of attachment was personally served on Smith, and on the return day the deputy sheriff returned that he "had seized the property described, and that he had served a copy of the writ and inventory upon the Lillie Lumber Company, who claim interest or ownership in said property, by delivering to Huebel, the agent of said company, certified copies of said writ and inventory attached thereto; that none of said company resided in this State, and none could be found by him." Neither the principal defendant nor Lillie, the log owner, appeared. On the return day, which was April 10th, after waiting one hour, the justice adjourned the case until April 16th, and sent a registered letter directed to the Lillie Lumber Company, notifying them that the case had been adjourned until the 16th, at 1 o'clock p. m. On the 16th, plaintiff appeared, and, after waiting one hour, the defendant not appearing, the justice took the evidence, and rendered judgment for $108.65.

The present suit was commenced September 11, 1896, personal service being had upon the defendant. The defendant did not appear, and subsequently took a special appeal to the circuit court. The court overruled the special causes, and thereupon trial was had upon the merits before the court, without a jury, and judgment rendered against the defendant for the amount of the judgment which had been rendered against Smith. The case is before this court upon a case made.

The case is ruled by *Brabant* v. *Lillie*, *ante*, 167, and is reversed.